**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| CHARTER COMMUNICATIONS, INC., and CHARTER COMMUNICATIONS OPERATING, LLC,<br><br>Plaintiffs,<br><br>v.<br><br>HUMAX USA, INC., and HUMAX CO., LTD.,<br><br>Defendants. | Case No. 1:26-cv-02500 (NRB) |

## ~~[PROPOSED]~~ STIPULATED PROTECTIVE ORDER

**WHEREAS**, Plaintiffs Charter Communications, Inc. and Charter Communications Operating, LLC (collectively, "Charter"), and Defendants Humax USA, Inc. and Humax Co., Ltd. (collectively, "Humax"), hereafter referred to as "the Parties," believe that certain information that is or will be encompassed by discovery demands by the Parties will involve the production or disclosure of non-public business, commercial, financial, or personal information.

**WHEREAS**, the Parties seek a protective order ("Order") limiting disclosure thereof in accordance with Federal Rule of Civil Procedure 26(c).

**THEREFORE**, it is hereby stipulated among the Parties and **ORDERED** that:

1. Each Party may designate as confidential for protection under this Order, in whole or in part, any document, information or material that contains non-public business, commercial, financial, or personal information, the public disclosure of which is either restricted by law or would likely, in the good faith opinion of the producing Party, seriously harm the producing Party's business, commercial, financial, or personal

Case 1:26-cv-02500-NRB Document 29-1 Filed 07/01/26 Page 3 of 19

interests or cause the producing Party to violate its privacy or confidentiality obligations to others ("Protected Material"). Where the confidential portion is reasonably separable from the non-confidential portion, via redaction or otherwise, only the confidential portion shall be so designated.

a. **Designating Documents:** Protected Material shall be designated by the Party producing it by affixing a legend or stamp on such document, information or material as follows: "CONFIDENTIAL" or "RESTRICTED – ATTORNEYS' EYES ONLY." The word(s) "CONFIDENTIAL" or "RESTRICTED – ATTORNEYS' EYES ONLY" shall be placed clearly on each page of the Protected Material (except deposition and hearing transcripts) for which such protection is sought, except for native electronic files, as noted in Paragraph 1(d).

b. **Designating Transcripts:** Parties or entities may designate depositions and other testimony with the appropriate designation by indicating on the record at the time the testimony is given or by sending written notice of how portions of the transcript of the testimony are designated within thirty (30) days of receipt of the transcript of the testimony. If no indication on the record is made, all information disclosed during a deposition shall be deemed "RESTRICTED – ATTORNEYS' EYES ONLY" until the time within which it may be appropriately designated as provided for herein has passed. Any Party that wishes to disclose the transcript, or information contained therein, may provide written notice of its intent to treat the transcript as non-confidential, after which time, any Party that wants to maintain any portion of the transcript as

confidential must designate the confidential portions within thirty (30) days, or else the transcript will be treated as non-confidential. Any Protected Material that is used in the taking of a deposition shall remain subject to the provisions of this Protective Order, along with the transcript pages of the deposition testimony dealing with such Protected Material. In such cases, the court reporter shall be informed of this Protective Order and shall be required to operate in a manner consistent with this Protective Order. For deposition and hearing transcripts, the word "CONFIDENTIAL" or "RESTRICTED – ATTORNEYS' EYES ONLY" shall be placed on the cover page of the transcript (if not already present on the cover page of the transcript when received from the court reporter) by each attorney receiving a copy of the transcript after that attorney receives notice of the designation of some or all of that transcript as "CONFIDENTIAL" or "RESTRICTED – ATTORNEYS' EYES ONLY."

c. **Designating Videotaped Depositions**: In the event the deposition is videotaped, the original and all copies of the videotape shall be marked by the video technician to indicate that the contents of the videotape are subject to this Protective Order, including the specific confidentiality level claimed if such a designation is made prior to the videotape being provided by the video technician, substantially along the lines of: "This videotape contains [confidential] testimony used in this case and is not to be viewed, or the contents thereof displayed or revealed, except pursuant to the terms of the operative Protective Order in this matter or pursuant to written stipulation of the Parties."

d. **Designating Native Files**: Where electronic files and documents are produced

in native electronic format, such electronic files and documents shall be designated for protection by appending to the file names or designators information indicating whether the file contains "CONFIDENTIAL," or "RESTRICTED – ATTORNEYS' EYES ONLY" material. When such electronic files or documents are printed (for use at a deposition, in a court proceeding, or for provision in printed form to an expert or consultant approved pursuant to Paragraph 4(f)), the Party printing the electronic files or documents shall place on the printed document the appropriate designation, as well as the production numbers associated with the electronic files or documents.

2. With respect to documents, information, or material designated "CONFIDENTIAL" or "RESTRICTED – ATTORNEYS' EYES ONLY"[1], subject to the provisions herein and unless otherwise stated, this Order governs, without limitation: (a) all documents, electronically stored information, and/or things as defined by the Federal Rules of Civil Procedure; (b) all pretrial, hearing or deposition testimony, or documents marked as exhibits or for identification in depositions and hearings; (c) pretrial pleadings, exhibits to pleadings and other court filings; (d) affidavits; and (e) stipulations. All copies, reproductions, extracts, digests and complete or partial summaries prepared from any DESIGNATED MATERIAL shall also be considered DESIGNATED MATERIAL and treated as such under this Order.

3. A designation of Protected Material (i.e., "CONFIDENTIAL" or "RESTRICTED – ATTORNEYS' EYES ONLY") may be made at any time. Inadvertent or unintentional

---

[1] The term DESIGNATED MATERIAL refers to the class of materials designated as "CONFIDENTIAL" or "RESTRICTED – ATTORNEYS' EYES ONLY," both individually and collectively.

production of documents, information or material that has not been designated as DESIGNATED MATERIAL shall not be deemed a waiver in whole or in part of a claim for confidential treatment. Any Party that inadvertently or unintentionally produces Protected Material without designating it as DESIGNATED MATERIAL may request destruction of that Protected Material by notifying the recipient(s), as soon as reasonably possible after the Producing Party becomes aware of the inadvertent or unintentional disclosure, and providing replacement Protected Material that is properly designated. Unless the recipient challenges such request, it shall then destroy all copies of the inadvertently or unintentionally produced Protected Material and any documents, information, or material derived from or based thereon.

4. "CONFIDENTIAL" documents, information and material may be disclosed only to the following persons, except upon receipt of the prior written consent of the designating Party, upon order of the Court, or as set forth in paragraph 11 herein:

   a. outside counsel of record in the above-captioned litigation (the "Action") for the Parties;

   b. employees of such counsel assigned to and reasonably necessary to assist such counsel in the litigation of this Action;

   c. in-house counsel for the Parties who either have responsibility for making decisions dealing directly with the litigation of this Action, or who are assisting outside counsel in the litigation of this Action;

   d. up to and including five (5) designated representatives of each of the Parties who are officers or employees of the receiving Party to the extent reasonably necessary for the litigation of this Action, provided that any such person has agreed to be bound by the terms of this Order by signing the agreement attached as Appendix A, which shall be provided to the Producing Party before disclosure of Protected Material to the designated representative. Either party may in good faith request the other Party's consent to designate one or more additional representatives, the other Party shall not unreasonably withhold such consent, and the requesting Party may seek leave of Court to designate such

additional representative(s) if the requesting Party believes the other Party has unreasonably withheld such consent;

e. mock jurors and jury consultants who have signed an undertaking or agreement agreeing not to publicly disclose Protected Material and to keep any information concerning Protected Material confidential;

f. outside consultants or experts (*i.e.*, not existing employees or affiliates of a Party or an affiliate of a Party) retained for the purpose of this Action, provided that: (1) such consultants or experts are not presently employed by the Parties for purposes other than this Action; (2) before access is given, the consultant or expert has completed the Undertaking attached as Appendix A, and the Producing Party has been served with the completed Undertaking and with the following information at least ten (10) days before access to the Protected Material is to be given, during which time the Producing Party may notify the receiving Party in writing that it objects to disclosure of Protected Material to that consultant or expert:

   i. the name and current address of the consultant or expert;
   ii. a current curriculum vitae of the consultant or expert;
   iii. the present employer and title of the consultant or expert;
   iv. an identification of all of the consultant or expert's past and current employment and consulting relationships in the past five (5) years, including direct relationships and relationships through entities owned or controlled by the consultant or expert, including but not limited to an identification of any individual or entity with or for whom the consultant or expert is employed or to whom the consultant or expert provides consulting services and a description of any job responsibilities or consulting services relating to product design, development, sales, marketing, pricing, patenting, or licensing; and
   v. a list of the cases in which the consultant or expert has testified at deposition or trial within the last five (5) years.

The Parties agree to promptly confer and use good faith to resolve any such objection. If the Parties are unable to resolve any objection, the objecting Party may file a motion with the Court within fourteen (14) days of the notice, or within such other time as the Parties may agree, seeking a protective order with respect to the proposed disclosure. The objecting Party shall have the burden of proving the need for a protective order. No disclosure shall occur until all such objections are resolved by agreement or Court order;

g. any mediator who is assigned to hear this matter, and his or her staff, subject to their agreement to maintain confidentiality to the same degree as required by this Protective Order;

h. independent litigation support services, including persons working for or as court reporters, graphics or design services, jury or trial consulting services, and photocopy, document imaging, and database services retained by counsel and reasonably necessary to assist counsel with the litigation of this Action; and

i. the Court and its personnel.

5. A Party shall designate documents, information or material as "CONFIDENTIAL" only upon a good faith belief that the documents, information or material contain non-public business, commercial, financial, or personal information, the public disclosure of which is either restricted by law or would likely seriously harm the producing person's business, commercial, financial, or personal interests or cause the producing person to violate his, her, or its privacy or confidentiality obligations to others. A Party shall designate documents, information or material as "RESTRICTED – ATTORNEYS' EYES ONLY" only upon a good faith belief that a "CONFIDENTIAL" designation is insufficient to protect the producing person's interests because the information is so sensitive that further limitation on disclosure is necessary and that its dissemination beyond those permitted access to "CONFIDENTIAL" material would likely cause serious harm to the producing person's competitive, business, or financial interests.

6. Documents, information or material produced pursuant to any discovery request or required disclosure in this Action, including but not limited to Protected Material designated as DESIGNATED MATERIAL, shall be used by the Parties only in the litigation of this Action and shall not be used for any other purpose. Any person or entity who obtains access to DESIGNATED MATERIAL or the contents thereof pursuant to this Order shall not make any copies, duplicates, extracts, summaries or descriptions of such DESIGNATED MATERIAL or any portion thereof except as may

be reasonably necessary in the litigation of this Action. Any such copies, duplicates, extracts, summaries or descriptions shall be classified DESIGNATED MATERIAL and subject to all of the terms and conditions of this Order.

7. For Protected Material designated "RESTRICTED – ATTORNEYS' EYES ONLY," access to, and disclosure of, such Protected Material shall be limited to individuals listed in Paragraphs 4(a)–(c) and 4(e)–(i).

8. Nothing in this Order shall require production of documents, information or other material that a Party contends is protected from disclosure by the attorney-client privilege, the work product doctrine, or other privilege, doctrine, or immunity. If documents, information or other material subject to a claim of attorney-client privilege, work product doctrine, or other privilege, doctrine, or immunity is inadvertently or unintentionally produced, such production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any such privilege, doctrine, or immunity. Any Party that inadvertently or unintentionally produces documents, information or other material it reasonably believes is protected under the attorney-client privilege, work product doctrine, or other privilege, doctrine, or immunity may obtain the return of such documents, information or other material by promptly notifying the recipient(s) and providing a privilege log identifying the inadvertently or unintentionally produced documents, information or other material and the basis for the privilege claim. The recipient(s) shall, within five (5) business days of receipt of such notice, gather and return or certify the destruction of all copies of such documents, information or other material to the Producing Party, except for any pages containing privileged or otherwise protected markings by the recipient(s), which pages shall instead be destroyed and

certified as such to the Producing Party in writing. Pursuant to Federal Rule of Evidence 502(d), the inadvertent production of documents, information, or other material protected by the attorney-client privilege, work product doctrine, or any other privilege, doctrine, or immunity shall not constitute a waiver of such privilege, doctrine, or immunity in this Action or in any other federal or state proceeding.

9. There shall be no disclosure of any DESIGNATED MATERIAL by any person authorized to have access thereto to any person who is not authorized for such access under this Order. The Parties are hereby **ORDERED** to safeguard all such documents, information and material to protect against disclosure to any unauthorized persons or entities.

10. If a receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, and provide all known, relevant non-privileged information concerning the nature and circumstances of the disclosure; (b) use its best efforts to retrieve all unauthorized copies of the Protected Material and to ensure that no further or greater unauthorized disclosure and/or use thereof is made, including securing the agreement of the recipient(s) not to further disseminate the Protected Material in any form; (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order; and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached as Appendix A. Compliance with the foregoing shall not prevent the Producing Party from seeking further relief from the Court. Unauthorized or inadvertent disclosure does

not change the status of Protected Material or waive the right to hold the disclosed document or information as Protected.

11. Nothing contained herein shall be construed to prejudice any Party's right to use any DESIGNATED MATERIAL in taking testimony at any deposition or hearing, provided that the DESIGNATED MATERIAL is only disclosed to a person(s) who is: (i) eligible to have access to the DESIGNATED MATERIAL by virtue of his or her employment with the designating Party; (ii) identified in the DESIGNATED MATERIAL as an author, addressee, or copy recipient of such information; (iii) although not identified as an author, addressee, or copy recipient of such DESIGNATED MATERIAL, has, in the ordinary course of business, seen such DESIGNATED MATERIAL; (iv) a current or former officer, director, employee, or 30(b)(6) designee of the Producing Party or a current or former officer, director, or employee of a company affiliated with the Producing Party; (v) counsel for a Party, including outside counsel and in-house counsel (subject to paragraphs 4 and 7 of this Order); (vi) an independent contractor, consultant, and/or expert retained and approved pursuant to Paragraph 4(f) for the purpose of this litigation; (vii) court reporters and videographers; (viii) the Court; or (ix) other persons entitled hereunder to access to DESIGNATED MATERIAL. DESIGNATED MATERIAL shall not be disclosed to any other persons unless prior authorization is obtained from counsel representing the Producing Party or from the Court.

12. Notwithstanding the designation of material as "CONFIDENTIAL" or "RESTRICTED – ATTORNEYS' EYES ONLY" in discovery, there is no presumption that such DESIGNATED MATERIAL will be filed with the Court under seal. A Party that

intends to file DESIGNATED MATERIAL shall provide reasonable advance notice of no less than three (3) business days to the Producing Party. The Producing Party shall bear the burden of seeking leave to file such material under seal and must do so in accordance with the Court's rules. If the Producing Party does not move to seal within three (3) business days of receiving notice, the receiving Party may file the material in the public record. Nothing in this paragraph limits a receiving Party's ability to provisionally file under seal where necessary to comply with filing deadlines, pending resolution of any sealing motion. The Parties shall follow the individual practices of the Magistrate or District Judge to whom they direct pretrial requests for filing under seal. Prior to disclosure at trial or a hearing of materials or information designated "CONFIDENTIAL" or "RESTRICTED – ATTORNEYS' EYES ONLY," the Parties may seek further protections against public disclosure from the Court.

13. All persons are hereby placed on notice that the Court is unlikely to seal or otherwise afford confidential treatment to any DESIGNATED MATERIAL introduced in evidence at trial, even if such material was previously designated as "CONFIDENTIAL" or "RESTRICTED – ATTORNEYS' EYES ONLY" or sealed during pretrial proceedings.

14. Any person who either objects to any designation of confidentiality, or who requests additional limits on disclosure, may at any time prior to the trial of this action serve upon the designating person and all other Parties a written notice stating with particularity the grounds of the objection or request. If agreement cannot be reached promptly, counsel for all affected persons shall ~~request a joint telephone call with the~~

submit a joint letter describing the dispute and requesting a ruling.

Case 1:26-cv-02500-NRB Document 31 Filed 07/01/26 Page 13 of 19

~~Court to obtain a ruling.~~ Pending resolution of any such objection or request, the designation of the designating Party shall be maintained.

15. Each outside consultant or expert to whom DESIGNATED MATERIAL is disclosed in accordance with the terms of this Order shall be advised by counsel of the terms of this Order, shall be informed that he or she is subject to the terms and conditions of this Order, and shall sign an acknowledgment that he or she has received a copy of, has read, and has agreed to be bound by this Order. A copy of the acknowledgment form is attached as Appendix A.

16. To the extent that any discovery is taken of persons who are not Parties to this Action ("Third Parties") and in the event that such Third Parties contend the discovery sought involves non-public business, commercial, financial, or personal information the disclosure of which could harm their interests or cause them to violate confidentiality obligations to others, then such Third Parties may agree to be bound by this Order.

17. To the extent that discovery or testimony is taken of Third Parties, the Third Parties may designate as "CONFIDENTIAL" or "RESTRICTED – ATTORNEYS' EYES ONLY" any documents, information or other material, in whole or in part, produced or given by such Third Parties and shall be considered a "Producing Party" under this Protective Order. The Third Parties shall have ten (10) days after production of such documents, information or other materials to make such a designation. Until that time period lapses or until such a designation has been made, whichever occurs sooner, all documents, information or other material so produced or given shall be treated as "CONFIDENTIAL" in accordance with this Order.

18. Use of Artificial Intelligence Systems.

a. Outside counsel of record, and experts or consultants approved under Paragraph 4(f), are expressly authorized to use the following pre-cleared closed-garden artificial intelligence systems for tasks relating to this Action: Lexis+ AI, Westlaw AI, ChatGPT Enterprise, Microsoft 365 Copilot Enterprise, Harvey AI Enterprise, and Claude Enterprise (collectively, "Pre-Cleared AI Systems"). Additional systems may be deemed Pre-Cleared AI Systems upon the Parties' written agreement;

b. Unless expressly authorized in writing by the Producing Party, no Party may upload, transmit, paste, disclose, or otherwise provide to any artificial-intelligence system, other than a Pre-Cleared AI System, any Protected Material produced by another Party or by any third party, including information designated "CONFIDENTIAL" or "RESTRICTED – ATTORNEYS' EYES ONLY;"

c. Nothing in this Order prohibits a Party from using a Pre-Cleared AI System with its own documents, data, or information, or from using such systems for work product derived from Protected Material;

d. Any artificial-intelligence system used pursuant to this paragraph must not use inputs for training, fine-tuning, or model improvement;

e. Open or public artificial-intelligence systems (including, by way of example, ChatGPT, Gemini, Grok, or similar services not operating in a closed-garden environment) may not be used to upload, transmit, paste, or otherwise disclose the Protected Material of another Party or third party absent prior written authorization from the Producing Party;

f. Nothing in this paragraph shall affect any attorneys' obligations under the relevant ethical rules or Fed. R. Civ. P. 11.

19. The provisions of this Order shall continue to be binding after final termination of this case until a Producing Party agrees otherwise in writing or a court order otherwise directs. Within sixty (60) days of final termination of this Action, including any appeals, all DESIGNATED MATERIAL, including all copies, duplicates, abstracts, indexes, summaries, descriptions, and excerpts or extracts thereof (excluding excerpts or extracts incorporated into any privileged memoranda of the Parties and materials which have been admitted into evidence in this Action), shall at the Producing Party's election either be returned to the Producing Party or be destroyed. The receiving Party shall verify the return or destruction by affidavit furnished to the Producing Party, upon the Producing Party's request. Notwithstanding the foregoing, outside counsel of record shall be entitled to maintain copies of all pleadings, expert reports, motions and trial briefs (including all supporting and opposing papers and exhibits thereto), written discovery requests and responses (and exhibits thereto), deposition transcripts (and exhibits thereto), trial transcripts and hearing transcripts, and exhibits offered or introduced into evidence at any hearing or trial, emails and their attachments, and their attorney work product which refers or is related to any Protected Material for archival purposes only. Any such archived copies that contain or constitute Protected Material remain subject to this Order and shall be maintained in confidence by outside counsel for the Party retaining the materials. Any destruction obligations under this Protective Order shall not apply to electronically-stored information in archival form stored on backup tapes or computer servers that are created only for disaster recovery purposes,

provided that such electronic archives are not used as reference materials for a receiving Party's business operations.

20. The failure to designate documents, information or material in accordance with this Order and the failure to object to a designation at a given time shall not preclude the filing of a motion at a later date seeking to impose such designation or challenging the propriety thereof. The entry of this Order and/or the production of documents, information and material hereunder shall in no way constitute a waiver of any objection to the furnishing thereof, all such objections being hereby preserved.

21. Any Party knowing or believing that any other Party is in violation of or intends to violate this Order shall first raise the question of violation or potential violation with the opposing party and attempt to resolve the matter by agreement. If the matter cannot be resolved by agreement, the Party may move the Court for such relief as may be appropriate in the circumstances. Pending disposition of the motion by the Court, the Party alleged to be in violation of or intending to violate this Order shall immediately cease and not further undertake any action alleged to constitute a violation of this Order.

22. Production of DESIGNATED MATERIAL by each of the Parties shall not be deemed a publication of the documents, information and material (or the contents thereof) produced so as to void or make voidable whatever claim the Parties may have as to the proprietary and confidential nature of the documents, information or other material or its contents.

23. Nothing in this Order shall be construed to effect an abrogation, waiver or limitation of any kind on the rights of each of the Parties to assert any applicable discovery or trial privilege.

24. Any Party may apply to the Court for a modification of the Protective Order, and nothing in the Protective Order shall be construed to prevent a Party from seeking such further provisions enhancing or limiting confidentiality as may be appropriate.

25. During the pendency of this case only, this Court shall retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

**SO ORDERED** this 7th day of July, 2026

______________________________
UNITED STATES DISTRICT JUDGE

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| CHARTER COMMUNICATIONS, INC., and CHARTER COMMUNICATIONS OPERATING, LLC,<br><br>Plaintiffs,<br><br>v.<br><br>HUMAX USA, INC., and HUMAX CO., LTD.,<br><br>Defendants. | Case No. 1:26-cv-02500 (NRB) |

**APPENDIX A**
**UNDERTAKING OF EXPERTS OR CONSULTANTS REGARDING PROTECTIVE ORDER**

I, ______________________________________________, declare that:

1. My address is ____________________________________________________________.

   My current employer is ____________________________________________________.

   My current occupation is __________________________________________________.

2. I have received a copy of the Protective Order in this action. I have carefully read and understand the provisions of the Protective Order.

3. I will comply with all of the provisions of the Protective Order. I will hold in confidence, will not disclose to anyone not qualified under the Protective Order, and will use only for purposes of this action any information designated as "CONFIDENTIAL" or "RESTRICTED – ATTORNEYS' EYES ONLY" that is disclosed to me.

4. Promptly upon termination of this action, I will return all documents and things designated as "CONFIDENTIAL" or "RESTRICTED – ATTORNEYS' EYES ONLY" that came into

my possession, and all documents and things that I have prepared relating thereto, to the outside counsel for the party on whose behalf I was retained.

5. I hereby submit to the jurisdiction of this Court for the purpose of enforcement of the Protective Order in this action.

I declare under penalty of perjury under the laws of the state where executed that the foregoing is true and correct.

Signature ________________________________________

Date ____________________________________________