**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| CHARTER COMMUNICATIONS, INC., and CHARTER COMMUNICATIONS OPERATING, LLC<br><br>Plaintiffs,<br><br>v.<br><br>HUMAX USA, INC., and HUMAX CO., LTD.,<br><br>Defendants. | Case No. 1:26-cv-02500 (NRB) |

## ~~[PROPOSED]~~ ORDER REGARDING E-DISCOVERY

The Court **ORDERS** as follows:

1. This order supplements all other discovery rules and orders. It streamlines Electronically Stored Information ("ESI") production to promote a "just, speedy, and inexpensive determination" of this action, as required by Federal Rule of Civil Procedure 1.

2. This order may be modified in the Court's discretion or by agreement of the parties. If the parties cannot resolve their disagreements regarding modifications, the parties shall submit their competing proposals and a summary of their dispute.

3. A party's meaningful compliance with this Order and efforts to promote efficiency and reduce costs will be considered in cost-shifting determinations.

4. Absent a showing of good cause, general ESI production requests under Federal Rules of Civil Procedure 34 and 45, or compliance with a mandatory disclosure requirement of this Court, shall include the following metadata: Begin Bates, End Bates, Begin Attach, End Attach, Parent Bates, Custodian, All Custodians, Email – Subject, From, To, CC, BCC, Date

Sent, Time Sent, File Name, File Extension, Doc – Title, Doc – Author, Date Created, Date Last Modified, MD5 Hash, Confidentiality Designation, Production Volume, Page Count, Text Link, Native Link.

5. Absent agreement of the parties or further order of this Court, the following parameters shall apply to ESI production:

A. **General Document Image Format**. Each electronic document shall be produced in single-page Tagged Image File Format ("TIFF") format. TIFF files shall be single page and shall be named with a unique production number followed by the appropriate file extension. Load files shall be provided to indicate the location and unitization of the TIFF files. If a document is more than one page, the unitization of the document and any attachments and/or affixed notes shall be maintained as they existed in the original document.

B. **Text-Searchable Documents.** No party has an obligation to make its production text searchable; however, if a party's documents already exist in text-searchable format independent of this litigation, or are converted to text-searchable format for use in this litigation, including for use by the producing party's counsel, then such documents shall be produced in the same text-searchable format at no cost to the receiving party.

C. **Footer.** Each document image shall contain a footer with a sequentially ascending production number.

D. **Native Files.** A party that receives a document produced in a format specified above may make a reasonable request to receive the document in its native format, and upon receipt of such a request, the producing party shall produce the document in its native format.

E. **No Backup Restoration Required.** Absent a showing of good cause, no party need

restore any form of media upon which backup data is maintained in a party's normal or allowed processes, including but not limited to backup tapes, disks, SAN, and other forms of media, to comply with its discovery obligations in the present case.

F. **Voicemail and Mobile Devices.** Absent a showing of good cause, voicemails, mobile phones and other mobile devices are deemed not reasonably accessible and need not be collected and preserved.

G. **Document Families.** Electronic documents that exist as part of a document family (i.e., an email and its static attachments) shall be produced in a family-complete manner if any one document in the family is deemed responsive to a party's document-production requests. Accordingly, parties will produce all non-privileged members of a document family where any one document in that family is deemed both responsive and not wholly privileged. Where a document family contains both privileged and non-privileged documents, wholly privileged documents may be produced as single-page slip sheets bearing the appropriate Bates label indicating that the document has been withheld. Slip sheets shall be produced in the same position in the family as if the withheld document(s) had been produced.

H. **Email Threading.** Where multiple email messages are part of a single "thread," a party is only required to produce the most inclusive message for which no claim of privilege is made, and need not produce earlier, less inclusive email messages that are fully contained, including attachments, within the most inclusive email message for which no claim of privilege is made. For the avoidance of doubt, if the later message contains different text (such as where the later message adds in-line comments to the body of the earlier message), or does not include an attachment that was part of the earlier message, the earlier message must be produced.

I. **Deduplication.** Each party is required to produce only a single copy of a responsive document, and each party may de-duplicate responsive ESI across custodians based on MD5 or SHA-1 hash values at the document level. For emails with attachments, the hash value will be generated based on the parent/child document grouping. To the extent that de-duplication through MD5 or SHA-1 hash values is infeasible, the parties shall meet and confer to discuss any other proposed method of de-duplication.

6. General ESI production requests under Federal Rules of Civil Procedure 34 and 45, or compliance with a mandatory disclosure order of this Court, may include e-mail or other forms of electronic correspondence (collectively "e-mail") unless otherwise limited by agreement or court order.

7. E-mail production requests shall identify the custodian, search terms, and time frame. The producing party shall make reasonable initial disclosures sufficient to enable the requesting party to identify appropriate custodians, including, at minimum, the individuals most likely to have discoverable information relevant to the requests.

8. Each side shall limit its e-mail production requests to a total of eight (8) custodians per side for all such requests. The parties may jointly agree to modify this limit without the Court's leave. The Court shall consider contested requests for additional or fewer custodians per side, upon showing a distinct need based on the size, complexity, and issues of this specific case.

9. Each side shall limit, absent good cause, its e-mail production requests to a total of eight (8) search terms per custodian. The parties shall meet and confer in good faith regarding the need for additional or alternative search terms before seeking court intervention. The Court shall consider contested requests for additional or fewer search terms per custodian, upon showing a distinct need based on the size, complexity, and issues of this specific case. The producing party will run each search term on any email address(es) that its custodians may use to conduct

business related to the subject matter at issue in the claims or defenses of this lawsuit. The search terms shall be narrowly tailored to particular issues. Indiscriminate terms, such as the producing company's name or its product name, are inappropriate unless combined with narrowing search criteria that sufficiently reduce the risk of overproduction. A conjunctive combination of multiple words or phrases (e.g., "computer" and "system") narrows the search and shall count as a single search term. A disjunctive combination of multiple words or phrases (e.g., "computer" or "system") broadens the search, and thus each word or phrase shall count as a separate search term unless they are variants of the same word. Use of narrowing search criteria (e.g., "and," "but not," "w/x") is encouraged to limit the production and shall be considered when determining whether to shift costs for disproportionate discovery. Any combination of search terms that results in more than two thousand (2,000) de-duplicated hits for a single custodian shall be presumptively overly burdensome, and the requesting party will be required to narrow the search term or provide the Court with good cause justification for the broader search term. If a party objects to a search term(s) on the ground that it would be too burdensome to review all documents that hit on that term, the party shall produce a hit count to the requesting party identifying the hit counts per search term, including family members and unique hits, where possible. Family members will be counted towards the total hit count.

10. For every e-mail in a producing party's possession, custody, or control for the identified custodians and responsive to the search terms, the producing party shall either (1) produce the e-mail, or (2) document the withheld e-mail on a privilege log. The only materials that are not required to be produced or logged, even if captured by agreed search terms, are junk or spam emails and purely personal, administrative, or system-generated emails that are facially non-substantive and do not reflect substantive discussion of any issue relevant to the

claims or defenses in this action. Examples of junk or spam emails and purely personal, administrative, or system-generated emails include automated notifications, calendar invitations without substantive content, out-of-office replies, and routine IT or facilities communications.

11. Pursuant to Federal Rule of Evidence 502(d), the inadvertent production of a privileged or work product protected ESI shall not constitute a waiver in the pending case or in any other federal or state proceeding. The procedures governing the return or destruction of inadvertently produced privileged material are set forth in the Stipulated Protective Order entered or to be entered in this action.

12. Except as expressly stated, nothing in this order affects the parties' discovery obligations under the Federal or Local Rules.

So **ORDERED** and **SIGNED** this 7th day of July, 2026.

UNITED STATES DISTRICT JUDGE